```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
               JACKSONVILLE DIVISION
```

GARY LEVESTER FLOWERS,

                      Petitioner,

v.                                  Case No. 3:05-cv-795-J-33HTS

JAMES R. MCDONOUGH,
et al.,

                      Respondents.

_____

**ORDER**

**I. Status**

    Petitioner Gary Levester Flowers, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) (hereinafter Petition) pursuant to 28 U.S.C. § 2254 on August 22, 2005. Petitioner challenges a 2002 state court (Putnam County, Florida) judgment of conviction for grand theft on two grounds: (1) the State Attorney's Office obtained the judgment by fraud and perjury upon the trial court, and (2) the trial court lacked jurisdiction to enter the judgment.

    Respondents filed a Response to Petition (Doc. #18) (hereinafter Response) and have also filed exhibits.[1] Petitioner

---

[1] Respondents' exhibits will be hereinafter referred to as "Ex."

was instructed on how to properly respond to a motion to dismiss and/or for summary judgment. <u>See</u> Court's Order to Show Cause and Notice to Petitioner (Doc. #8). Petitioner has responded. <u>See</u> Petitioner's Response (Doc. #19). This case is now ripe for review.

## II. Procedural History

On March 4, 2002, the State filed an Information, charging Petitioner Flowers with dealing in stolen property, a second degree felony. Ex. A at 3. On July 3, 2002, the State filed an Amended Information, reducing the charge to grand theft, a third degree felony. <u>Id</u>. at 33. On July 8, 2002, Petitioner entered a plea of no contest to grand theft. <u>Id</u>. at 34-38. During the plea proceedings, Petitioner acknowledged that he understood that in exchange for his plea of no contest, the State would not seek to habitualize him. <u>Id</u>. at 82, 85, 98-99. Further, Petitioner understood all of the consequences of his plea, including the fact that it could affect his federal drug offender probation. <u>Id</u>. at 84. Petitioner's counsel stipulated that the police reports and other reports in the court's file would establish a factual basis for the charge of grand theft. <u>Id</u>. at 89-90. The trial court sentenced Petitioner Flowers to five (5) years of imprisonment. <u>Id</u>. at 60, 100; <u>see</u> http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections).

On appeal, Petitioner's counsel filed an Anders[2] Brief. Ex. B. Petitioner filed a *pro se* brief, raising the following issues: (1) illegal search and seizure of his premises; (2) insufficient evidence to sustain a conviction for grand theft; (3) no Miranda[3] warnings were given in the custodial interrogation; (4) the case was tainted by the lower court's admission of a tainted statement; and, (5) ineffective assistance of trial counsel for tricking him into signing the plea agreement. Id. On June 3, 2003, the appellate court per curiam affirmed his conviction and sentence. Flowers v. State, 848 So.2d 337 (Fla. 5th DCA 2003). The mandate was issued on June 20, 2003. Ex. B.

On July 1, 2003, Petitioner Flowers filed a motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, raising the following claims: (1) false evidence and information were presented to the court to sustain the conviction of grand theft, and (2) ineffective assistance of trial counsel. Ex. C. On July 8, 2003, the trial court denied the motion. Id. The appellate court per curiam affirmed on November 12, 2003. Ex. D; Flowers v. State, 860 So.2d 433 (Fla. 5th DCA 2003). The mandate was issued on December 3, 2003. Ex. D.

---

[2] Anders v. California, 386 U.S. 738 (1967).

[3] Miranda v. Arizona, 384 U.S. 436 (1966).

On October 13, 2004, Petitioner filed a second motion for post conviction relief, asserting that the State committed perjury by charging him with a perjured charging document. Ex. F. On October 25, 2004, the trial court denied the motion, noting that this issue was previously raised and denied in the first motion for post conviction relief. Id. On appeal, the appellate court per curiam affirmed on February 22, 2005. Id.; Flowers v. State, 900 So.2d 569 (Fla. 5th DCA 2005). The mandate was issued on April 28, 2005. Ex. F.

Petitioner, on May 2, 2005, filed a Motion for Relief from Void Judgment. Ex. G. The trial court denied the motion on May 17, 2005. Id. On May 31, 2005, Petitioner filed a Petition for Writ of Certiorari. Id. The appellate court treated the petition as a notice of appeal, and on June 24, 2005, per curiam affirmed the trial court's denial of relief. Flowers v. State, 906 So.2d 1160 (Fla. 5th DCA 2005). Rehearing was denied on July 27, 2005. Ex. G. The mandate was issued on or about August 16, 2005. Id.

The Petition for Writ of Habeas Corpus, filed in this Court on August 22, 2005, is timely filed within the one-year period of limitation. Court's Order (Doc. #17), filed March 27, 2006; see 28 U.S.C. § 2244(d).

**III. Evidentiary Hearing**

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. Smith v. Singletary, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); Cave v. Singletary, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing Townsend v. Sain, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.   Smith, 170 F.3d at 1054.   No evidentiary proceedings are required in this Court.  High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  The Court can "adequately assess [Petitioner's] claim[s] without further factual development."  Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).  Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

**IV. Findings of Fact and Conclusions of Law**

**A. Ground One**

Petitioner claims that the State Attorney's Office obtained the judgment by fraud and perjury upon the trial court.  See Petition at 6.  Specifically, Petitioner alleges:

5

> The State Attorney['s] Office deliberately and knowingly with reckless disregards [sic] for the truth filed a fraudulent and perjured Information with the Court which "falsely" alleged that the offense of "grand theft" filed and charged were [sic] based upon sworn facts.
>
> . . . .
>
> The State <u>knew</u> before they drafted and filed the fraudulent/perjured Information with the Court, that there was [sic] no facts at all of the Petitioner['s] having committed a grand theft in Putnam County or in any county. The State also <u>knew</u> that the allegations of grand theft as set forth in the Information was [sic] not based upon facts sworn to as true, and that no testimony/statements given under oath from anyone had been received in the State Attorney['s] Office.
>
> The State nevertheless filed the fraudulent and perjured Information with the court, resulting in the Court['s] adjudicating Petitioner guilty, and sentencing the Petitioner to prison based upon a fraudulent and perjured Information (charging document).

<u>Id</u>.; Petition, attached Memorandum of Law and Facts in Support of Petition for Writ of Habeas Corpus, at 1-2.

Petitioner claims that he raised this ground, for the first time, in his second motion for post conviction relief, filed October 13, 2004.  Petition at 6; <u>see</u> Ex. F.  On October 25, 2004, the trial court denied the motion, stating:

> THIS MATTER came before the Court on the Defendant's pro se Motion for Postconviction Relief filed pursuant to Fla. R. Crim. P. 3.850 seeking to withdraw his plea based on perjury.  The Defendant entered a plea of no contest to the offense of Grand Theft on July 8, 2002.  The Court sentenced him on August

6

> 15, 2002[,] to five years incarceration in the Department of Corrections. The Defendant again claims that the State committed perjury by charging him with a "perjured charging document." This issue has been previously raised, and previously denied by this Court. See Order attached as appendix A. This Order was affirmed by the Fifth District Court of Appeal. See Flowers v. State, 860 So.2d 433 (Fla. 5th DCA 2003).
>
> As such, the current motion is barred by the law of the case doctrine.

Ex. F (emphasis deleted). The appellate court per curiam affirmed on February 22, 2005. Flowers, 900 So.2d 569.

As noted by Respondents, Petitioner raised this claim in his first motion for post conviction relief, filed July 1, 2003. Response at 3; see Ex. C. On July 8, 2003, the trial court denied the motion, stating in pertinent part:

> In his motion, the Defendant claims that his plea was not voluntary because false information was given to the Court by the detectives that investigated his case. A guilty plea cuts off inquiry into all issues arising prior to the plea with the exception of issues expressly preserved for appellate review, and issues regarding jurisdiction, legality of the sentence imposed, failure of the state to abide by the plea agreement, and the voluntary and intelligent nature of the plea. Jaurequi v. State, 652 So.2d 898, 899 (Fla. 3d DCA 1995). Since there was no trial or introduction of evidence due to the entry of a plea, the Defendant cannot satisfy the requirement for newly discovered evidence, and he has failed to prove that withdrawal is necessary to correct a manifest injustice. Jones v. State, 591 So.2d 911, 915 (Fla. 1991); Scott v. State, 629 So.2d 888 (Fla. 4th DCA 1993). As the Defendant entered a plea of no contest without preserving any issues for

> review, and since this claim attempts to go behind the plea, it is an insufficient attack on the plea bargain and is precluded. Stano v. State, 520 So.2d 278 (Fla. 1988); Henry v. State, 679 So.2d 885 (Fla. 5th DCA 1996).

Id. The appellate court per curiam affirmed on November 12, 2003. Flowers, 860 So.2d 433.

Respondents contend that Petitioner's ground one is not cognizable on federal habeas corpus review, and this Court agrees. See Response at 2. It is clear that there are limitations as to what Petitioner can challenge in a habeas petition before this Court since he entered a plea to grand theft. "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees." United States v. Ruiz, 536 U.S. 622, 628-29 (2002) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)). In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the United States Supreme Court:

> reaffirm[ed] the principle recognized in the Brady trilogy[4]: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from

---

[4] The Brady trilogy of cases consists of: Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and, Parker v. North Carolina, 397 U.S. 790 (1970).

>counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

The Eleventh Circuit Court of Appeals has noted that:

>The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); see Tiemens v. United States, 724 F.2d 928, 929 (11th Cir.) (per curiam) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process."), cert. denied, 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984).

Stano v. Dugger, 921 F.2d 1125, 1150 (11th Cir.), cert. denied, 502 U.S. 835 (1991) (footnote omitted). Petitioner's claim concerning the State's alleged use of false information in the charging document is non-jurisdictional. Thus, the claim was waived when he pled to grand theft.

### B. Ground Two

Petitioner claims that the trial court lacked jurisdiction to enter the judgment. Specifically, Petitioner alleges:

>When the court's records/files is absence [sic] of facts or evidence as "proof" of the Defendant['s] having committed the crime in which he stand[s] before the court accused of, and the state fails to provide the court with facts or evidence which show that the Defendant committed the crime in which he's accused of, then surely the court is without jurisdiction to enter a judgment against the Defendant for a charged crime which is unsupported by facts or evidence of the Defendant['s] having committed it, to enter a

9

> judgment against the Defendant anyway, render[s] the judgment void.

See Petition, attached Memorandum of Law in Support of the Petition for Writ of Habeas Corpus, at 5-6.

Petitioner raised this claim in his May 2, 2005, Motion for Relief from Void Judgment. Ex. G. The trial court, in denying the motion on May 17, 2005, stated:

> Rule 3.850(f) notes that a second or successive motion may be dismissed if the Judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
>
> A review of the Defendant's prior Rule 3.850 motions show[s] that the Defendant did not raise the specific Jurisdictional issue asserted in the present motion. There is nothing to show that the present contended issue stemmed from any newly acquired evidence and the Defendant has not presented any reason why the assertion was not raised in any prior motions.
>
> As such, **the current motion is barred by the prevailing law.**

Id. (emphasis added). The appellate court, on June 24, 2005, per curiam affirmed the trial court's denial of relief. Flowers, 906 So.2d 1160. Rehearing was denied on July 27, 2005. Ex. G.

Respondents contend, and this Court agrees, that this ground is procedurally barred. See Response at 4. Procedural default may result from non-compliance with state procedural requirements. See

Coleman v. Thompson, 501 U.S. 722, 729-30, reh'g denied, 501 U.S. 1277 (1991).  "It is well-settled that federal habeas courts may not consider claims that have been defaulted in state court pursuant to an adequate and independent state procedural rule, unless the petitioner can show 'cause' for the default and resulting 'prejudice,' or 'a fundamental miscarriage of justice.'"  Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (quoting Coleman, 501 U.S. at 750 and McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir.) (per curiam), cert. denied, 504 U.S. 944 (1992)), cert. denied, 532 U.S. 926 (2001).

> A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.  Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) . . . . [W]here the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision.  Atkins v. Singletary, 965 F.2d 952, 956 (11th Cir. 1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995); Meagher v. Dugger, 861 F.2d 1242, 1245 (11th Cir. 1988).

Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999) (per curiam).

Here, the state court properly found that this ground was not raised in a procedurally correct manner.  This ground has been procedurally defaulted.  "Procedural defaults in state courts will foreclose federal court review, absent a showing of cause and

prejudice." Parker v. Sec'y for the Dep't of Corr., 331 F.3d 764, 770 (11th Cir. 2003) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)), cert. denied, 540 U.S. 1222 (2004).  "[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)), cert. denied, 538 U.S. 947 (2003).  The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar.  Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception.  Thus, the Court need not address Petitioner's procedurally barred claim.

Even assuming that Petitioner's ground two is not procedurally barred, the ground is without merit.  The thrust of Petitioner's contention is that he has been convicted without sufficient evidence. See Petition, attached Memorandum of Law in Support of Petition for Writ of Habeas Corpus, at 5-9.  As evidenced by the plea proceedings (Ex. A at 79), Petitioner was represented by

12

counsel. At the plea hearing, the trial judge informed Petitioner as follows:

> You have the right, you know, to a trial by jury. You have the right to be present and to confront witnesses, to have your lawyer cross-examine witnesses, to have the jury determine whether you're guilty or not of the charge, and the proof is beyond and to the exclusion of a reasonable doubt. You understand that?

Id. at 85. Petitioner affirmed that he understood his rights and realized that, when he entered his plea of no contest to the charge of grand theft, he would be waiving all of those rights. Id. at 81, 85. Petitioner's counsel stipulated that the police reports and other reports in the court's file would establish a factual basis for the charge of grand theft. Id. at 89-90. The trial judge accepted Petitioner's plea of no contest to the charge, found Petitioner to be alert and intelligent and concluded that there was a factual basis for the plea. Id. at 86, 90.

At the sentencing hearing, Petitioner's counsel argued in mitigation of the sentence. Specifically, Petitioner's counsel stated:

> Judge, I would ask the Court to consider sentencing in the range of the presumptive or the minimum. What this amounts to is Mr. Flowers bought a generator from a gentleman. There's no indications that he was involved in any type of burglary or theft. The grant theft –
>
> . . . .

>     But what I'm saying is there's no indications that he had actively participated in any type of theft of it. He wasn't a part of, Okay, y'all [sic] go over to this man's house and take it and I'll buy it from you or anything like that. He strictly was a -- you know, he was offered the generator.
>
>     Yes, he should have been more careful. Obviously, the price of the generator should have been a cue, but, Your Honor, it just seems that the presumptive sentence comes pretty close to what should be done.

Id. at 96. The State, however, argued that five years of incarceration is necessary in this case. Id. at 97. The trial judge agreed with the State's recommendation and sentenced Petitioner to five years of incarceration, noting that the only time Petitioner does not commit crimes is when he is behind bars. Id. at 100. Petitioner acknowledged, at both the plea and sentencing proceedings, that he understood that in exchange for his plea of no contest, the State would not seek to habitualize him. Id. at 82, 85, 98-99. Petitioner got what he bargained for pursuant to the plea agreement. And, clearly, there was a factual basis on the record for the plea.

## V. Conclusion

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 31st day of August, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

sc 8/31
c:
Gary Levester Flowers
Ass't Attorney General (Morris)